Good morning, Your Honors. My name is Stephen Babcock. I'm from the Federal Defenders of Montana. I represent the Appellant in this matter, Richard Redfield. The facts of this case present a somewhat unique calculation of the sentencing guidelines via a cross-reference. Mr. Redfield pled guilty to one count of deprivation of government property. What happened in the case is that a BIA officer responded to a disturbance at a residence. When he responded to that residence, Mr. Redfield ran out the back of the house, got in the police cruiser, took off, drove the police cruiser in a highly intoxicated state for about a half a mile, drove the police cruiser to an embankment, let the cruiser roll down the embankment, and caused in excess of $13,000 worth of damage. Well, he pled guilty to that. The government's offer of proof at the change of plea recited those exact same facts, more or less. The problem started when the PSR author calculated the guideline range. The guideline range was not calculated pursuant to 2B1.1, which is the guideline range for deprivation of government property. It was calculated pursuant to 2K2.1 because of cross-reference. The cross-reference in 2B1.1 states that if a firearm was taken or if the taking of firearms are the object of the offense, then you go to a particular guideline that would be more appropriate. And if two firearms were taken? There were two firearms located within the vehicle. There was an AR-15, I guess it's a semi-automatic weapon that was located in a locking mechanism on the top of the vehicle. And there was a 12-gauge shotgun that was located in the back cargo area of the vehicle. What happened in that case? The officer testified that the gun inside was visible, where the dome, some sort of locking mechanism. Yes, the officer. Miss it, I think is what he said. He believed as though the gun was there and that any individual would have seen that the gun was there. To start out with, and going on your point here, we are saying as though that knowledge is required in this case. We're not only saying that knowledge is required in this case. We're saying that possession is required in this case. And that would mean that there would have to be possession of firearms, which is the guideline that was referenced to. And we believe that that is mandated because of the language of the man. Did he have possession here? We believe that he did not have possession. He had control of the vehicle, correct? He had control of the vehicle. However, we don't have any idea if he had any ability to get the gun out of the locking mechanism. We know for certain he did not know that the shotgun was there that was locked away in the cargo area of the vehicle. So I do not believe that he had possession. In order for an individual to have possession, of course, they can have joint, actual, or constructive possession. Logically, I would say the only possession that could be argued in this case would be constructive possession. But in order for constructive possession to be there, this Court has stated that there must be sufficient connection between the defendant and the firearm to determine the defendant exercised dominion and control over the firearm. I do not believe that occurred in this case. He got in the vehicle. He drove for a half a mile. He let the vehicle roll down the hill. The vehicles were located in the exact same position that they were left by Officer Snell. The AR-15 was located in the locking mechanism up above. The 12-gauge shotgun was in the back. Neither one of them were moved whatsoever. So I would argue that knowledge of the hearing that they were not removable, that there's no way he could have pulled that, reached up and got that gun out of there, broken the locking mechanism? I did not, Your Honor, in all due respect. I believe the burden was on the government to prove that in order to support the application of the cross-reference. As far as the knowledge and the possession in this case, I don't think it was established. I don't think it was established by any standard. I think that this was a more or less, for lack of a better word, a witch hunt by the PSR author to find a more applicable sentence, they thought, for Mr. Redfield. So I think the next thing you know, if you read the literal language of the cross-reference, it just says a firearm was taken. Right. And he wants to say that the defendant had knowledge that a firearm was taken. Yeah. And I would say that because it cross-referenced to a guideline that requires for possession of firearms to have knowledge. So, yes, that's why I would say the last line, as appropriate, would be pertinent in this case. The other guideline calculation question, as in this case, is the other one. Now, let me ask one other thing. I think the district court judge said, hmm, you know, it should be obvious to anybody, if you take a police car, it's going to be a judge. I think that's a stretch. I don't think that it's going to be a judge. Isn't that what he said, something like that? That's exactly what he said. I respectfully disagree with the district court. Well, there was one visible, whether you would have to agree in some other hypothetical case, there was at least one firearm clearly visible. There was one firearm visible, but just knowledge of the firearm being there doesn't mandate possession. This Court has said it. Well, he may not have known when he, you know, was thinking about taking it. It must have been something in his mind that, you know, he thought about taking the vehicle. He may not have, at that point, had knowledge that the gun was in the SUV. It was an SUV, if I'm not mistaken. That's correct. So he gets in. He enters the vehicle. And according to the police officer, anybody would see the gun. It was visible. And even if knowledge of the gun was there. So at that point, as Judge Graber just said, he had knowledge that there was a gun in the car. Correct. But even if this Court was to say there was a knowledge of that, it does not mean  But all that requires now – Who would have possession of the gun if he didn't? Excuse me? I don't believe anybody – The officers certainly didn't have possession. I do not believe that anybody had possession of the firearm at that time, and I especially don't believe that legally underneath the possession cases that there was possession that Mr. Redfield had at that time, constructive, actual, or joint possession. And if I – if I could move on to the other guideline question in this case, is that Mr. Redfield was given a four-point enhancement because the firearm was supposedly used in connection with another offense. I do not think that that is appropriate at all in this matter. Three circuits have held that this enhancement does not apply when there's insufficient separation between the enhancement offense and the offense of conviction. This is the Seventh Circuit, the Sixth Circuit, and the Third Circuit. And they based their rulings on a fact of another offense. A felony offense did not occur. In applying the enhancement in this case, the district court said the other offense was stealing of the car. Well, the taking of the car was where the guns were at. He did not take the guns. He did not overpower the officer to take the vehicle. He didn't take the guns out of the vehicle and smash in and damage the rest of the SUV. There was – they're too intertwined. So I do not believe at all. And as far as this Court has stated in relation to that enhancement, that the burden of proof remains on the government to show the possession of the firearm facilitated or potentially facilitated another offense. The record certainly does not support that enhancement whatsoever. If I could reserve the rest of my time for rebuttal, thank you. Certainly. We'll hear from Ms. Sue. Good morning, Your Honors. Lori Sook from Montana. In this case, the district court took a cross-reference found in 2B1.C1A and took the plain language of that cross-reference. It's written in the disjunctive. The firearm was taken or was an object of the offense. In this case, there is no dispute. There was no dispute from the defendant that the firearm was taken. The dispute of the defendant is whether there was knowledge on the part of the defendant that the firearms were there. That's one dispute. And then a writing in of a possession requirement. Well, as the Court is aware from other guidelines, if possession is what the sentencing commission wanted to require, they can write the word possession. They've done it in other guidelines. Here they said a firearm was taken. In this case, we don't believe that there is, in that language, you can read in any requirement of intent or knowledge on the part of the defendant. But in the alternative, even if you do have to find that, the district court found by clear and convincing evidence that you just couldn't take this vehicle, being a police vehicle, with the location of the firearm without knowing it was there. And you're reviewing that finding for clear evidence. Well, initially, you know, it's news to me that every police vehicle has a gun in it. I can't tell you that every police vehicle has a gun in it. Well, that's basically what the district court said. But once you get, once he was in the vehicle, according to what the police officer said. I think the district court's point was in 99 percent of the cases, a police vehicle is going to have weapons just by virtue of that occupation. I don't, I wouldn't even, I mean, that's, you learn something every day. And I guess now I know that 99 percent of all the cases have a gun. And Judge Hanson's been on the bench for many years, sir. And I think he just takes his experience. But that's really beside the point. It is, because. I think as Judge Graber said, when he entered the vehicle, the gun was visible. Absolutely. According to the police officer in the dome area. Right. And there was ammunition sitting right there where there would be a center console. Counsel, the more difficult issue from my perspective, speaking only for myself, is the question about the four-level enhancement and how we determine whether there's any, whether it's all one package or whether there's one crime trying to facilitate. Anyway, you know my issue. But could you address that, please? I do know your issue. And the cases that are cited by the defendant are the ones that have addressed this issue. And the distinction that the government makes here is that the, those cases show that the object of those offenses was actually the stealing of the firearms. And in this case, that was not the object of the offense at all, or certainly there was no proof of that, either in the investigation or on this record. The object of this offense was simply a man who was going to be arrested for possession of alcohol. How was the gun used in connection with this particular offense? There was no use of the gun at all, sir. It was simply possessed. Okay. Well, wait a minute. When you look at the enhancement, though, let's see. It says possession or use, Your Honor. In connection with? Yes. Possession. In connection. It's the connection that we're asking about. It's the connection with the troubled man. I understand your trouble here. But I'm willing to give you possessed. Right. It's a different.  But explain to me the in connection, how that's satisfied in this particular case. Simply that's the case. This guy, you know, this guy, for whatever crazy reason. He was going to be arrested for being drunk. Right. So he jumped out the window. Decides he's going to take. Sees the car there. Apparently it's supposed to be idle. Running. He accidentally left the keys in the car because he ran into the house. Jumps in the car and he takes off. I mean, how crazy. I mean, he didn't. The only connection is that he was the only one possessing the firearms during the commission of this. But it doesn't say during the commission of an offense. It says in connection with another offense. So the happenstance of possession, does that automatically translate into a connection that's a four level? I mean, it's a big enhancement. I understand. And, you know, there's really just not a lot of case law on this actual subsection. It really goes to whether it's another offense. But the parsing that you're talking about in connection with, I couldn't find any case that specified that. The use of the language is interesting. Again, we have during and in relation to or all other types of language. Aren't there some cases that say that for it to be in connection with the felony, which here is depredation. Sure. The gun need embolden or facilitate the crime. How did the AR-15 in a rack, much less a shotgun hidden away out of view, embolden or facilitate the crime of depredation? It didn't. No. It didn't. It simply was possessed by him during the commission of that offense. The only we didn't address this in Appellant's argument, but there is one other issue left in this case, which is the language used by the Court in imposing the sentence. And after making his findings, he said, no, you can make your arguments within the advisory guideline range. This, of course, brings up the presumption issue that we're all dealing with. If that is troubling to the Court, the United States would ask the Court to hold ruling on that until after the carding. Until after Claiborne and Reid. I'm assuming the en banc is not. Absolutely. I think that's going to be the issue. It is. Sometimes when deciding whether to hold a case until those cases come down or impose a sentence or decide the case, we consider how long the sentence is. This sentence, if the four-level enhancement for possession in connection. I didn't make that calculation. If that were stricken, what would remain of the sentence? Let me. I can make a stab at it, because the calculations I do have are without the cross-reference. We were at, I believe, 18 to 24. It was low. We're at 97 now, four levels less. I wish sometimes I have this guideline in my head. I'm guessing it would be somewhere around four to six years. I don't think it would go down to three. It would certainly be less than seven. He's not going to be released in the next year. You're not having the situation of the earlier argument where the man may die within the next year. This is not something that if it resolves within the next two years, it will still be a human issue. If the district court properly applied at least the base of the cross-reference, he's there for a long time. We're looking at four to six years. Even without it, we're still looking at two or so. If there are no other questions. Thank you. Mr. Babcock, you have some time remaining. Thank you. I guess in going back to whether or not the cross-reference should be used in this case, I'd like to quote some language from the Seventh Circuit with the case of Sremansky that was decided in 2003. They state that cross-references are devices that are triggered when the policies of a second guideline more closely match the conduct that is being punished. That's certainly not what we have in this case. What we have in this case is a man that pled guilty to deprivation of government property and offer a proof at the change of plea that discussed those facts. And then he is essentially sentenced as possession of firearms. Now, the difference between the sentence guidelines in this case is outstanding. I mean, he'd be sitting 18 months if 2B1.1 was applied. But he was sitting at 97 to 121 months because of the cross-reference. Well, what happens if the cross-reference is okay, but the four-level enhancement isn't okay, which is not either of the numbers that you gave us, I think? No, but I'm kind of going for the whole enchilada here. I know you are, but it would be informative if you could answer the question. As far as that goes, Your Honor, his guideline range would be 63 to 78 months if those four levels were knocked off. One other point I'd like to bring out as far as the four-level position is that the government has stated that the difference is that those cases that I have cited relate to possession of firearms. Well, that's what we have in this case. For the enhancement to apply, there has to be possession. So I guess I fail to see how the logic of those cases don't apply. Well, you know, you talked about the use of the cross-references when the policy issues of the cross-referenced crime are more applicable. Don't you think that there is a policy difference, a qualitative difference, between crashing a police vehicle that has a firearm in it and maybe just, you know, running into the side of a Forest Service cabin or something that gets damaged? I mean, isn't there a policy distinction to be made by the relative danger of those two situations? I think you're correct, Your Honor. And I think that that is demonstrated by the three-level enhancement that was given to him for upon an official victim. So I think that that is taken care of in that matter. As far as the overlying sentence on whether or not it was reasonable or not, it is clear from the record that after the district court decided that the cross-reference was applicable, the statement was made to me before any of the 3553A factors were discussed that I could argue within the now guideline range. Clearly, that should point out that the Court had decided before going through any of the other factors in 3553 that the 97-to-121-month guideline range was appropriate and was in the sentence as such. So I guess I would agree with counsel. I believe as though that that decision should probably be brought back after the But I would agree. I would state that I think this case should be remanded back in the use of the appropriate guideline of 2B1.1. Thank you very much. Thank you. The case just argued is submitted. We appreciate very much the arguments of both parties.
judges: Graber, Paez, Bea